UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MACK CUDGO, JR., | No. 2:14-cv-0691 CKD P |
| Petitioner, | |
| v. | ORDER |
| M. LEA, | |
| Respondent. | |

Petitioner, a former state prisoner[1] proceeding pro se, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (ECF No. 7 ("Ptn.").) Before the court is respondent's June 20, 2014 motion to dismiss the petition as untimely filed. (ECF No. 14.) Petitioner has filed an opposition to the motion, and respondent has filed a reply. (ECF Nos. 20, 21.) The parties have consented to this court's jurisdiction. (ECF Nos. 4, 13.) For the reasons set forth below, the undersigned will grant respondent's motion.

## BACKGROUND

On November 19, 2008, a Solano County jury found petitioner guilty of sodomy by use of force in violation of Cal. Penal Code § 286, subd. (c)(2). (Ptn. At 64.) On September 11, 2009, the court sentenced petitioner to six years in prison. (Id. at 71.)

---

[1] See ECF No. 15.

1

Petitioner appealed.  On May 27, 2011, the California Court of Appeal, First Appellate District, affirmed petitioner's conviction.  (Id. at 64-76.)  On August 24, 2011, the California Supreme Court denied review.  (Id. at 77.)

Petitioner filed four pro se state post-conviction collateral challenges with respect to the judgment, all petitions for writs of habeas corpus[2]:

The First Petition

September 15, 2012:  Petition filed in the Solano County Superior Court.  (Ptn. at 148, 154.)

January 30, 2013:  Petition denied.  (Id. at 155-159.)

The Second Petition

April 15, 2013[3]:  Petition filed in the court of appeal.

May 2, 2013:  Petition denied because petitioner did not provide a copy of the superior court's order denying his petition.  (Id.)

The Third Petition

May 13, 2013:  Petition filed in the court of appeal.  (Id. at 4.)

May 16, 2013:  Petition denied.  (Id. at 4.)

---

[2] Habeas Rule 3(d) reflects the "mailbox rule," initially developed in case law, pursuant to which a prisoner's pro se habeas petition is "deemed filed when he hands it over to prison authorities for mailing to the relevant court." Houston v. Lack, 487 U.S. 266, 276 (1988); Huizar v. Carey, 273 F.3d 1220, 1222 (9th Cir. 2001).  The mailbox rule applies to federal and state petitions alike. Campbell v. Henry, 614 F.3d 1056, 1058–59 (9th Cir. 2010).  The mailbox rule in effect assumes that absent evidence to the contrary, a legal document is filed on the date it was delivered to prison authorities, and a petition was delivered on the day it was signed. Houston, 487 U.S. at 275–76; Roberts v. Marshall, 627 F.3d 768, 770 n. 1 (9th Cir. 2010).  The date a petition is signed may be inferred to be the earliest possible date an inmate could submit his petition to prison authorities for filing under the mailbox rule. Jenkins v. Johnson, 330 F.3d 1146, 1149 n. 2 (9th Cir. 2003), overruled on other grounds, Pace v. DiGuglielmo, 544 U.S. 408 (2005).  However, if there is a long delay between the alleged mailing and receipt by a court, a district court may attribute the discrepancy to various causes, including the court, the postal service, the prison authorities, or the prisoner himself.  See Koch v. Ricketts, 68 F.3d 1191, 1193 n. 3 (9th Cir. 1995).

[3] See ECF No. 20-2 at 31.  Applying the mailbox rule, the court credits petitioner's signed statement that he mailed the petition on April 15, 2013.  The petition was filed in the court of appeal on April 26, 2013.  (ECF No. 14-1 at 2.)

<u>The Fourth Petition</u>

July 23, 2013:  Petition filed in the California Supreme Court.  (<u>Id.</u> at 11.)

February 11, 2014:  Petition denied.  (<u>Id.</u> at 28.)

On March 24, 2014, petitioner filed the instant federal petition.  (Ptn. at 139.)

<u>STATUTE OF LIMITATIONS UNDER THE AEDPA</u>

Because this action was filed after April 26, 1996, the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") are applicable.  See <u>Lindh v. Murphy</u>, 521 U.S. 320, 336 (1997); <u>Clark v. Murphy</u>, 331 F.3d 1062, 1067 (9th Cir. 2003).  The AEDPA imposed a one-year statute of limitations on the filing of federal habeas petitions.  Title 28 U.S.C. § 2244 provides as follows:

> (d)(1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –
>
> (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2)  The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

The AEDPA statute of limitations is tolled during the time a properly filed application for post-conviction relief is pending in state court.  28 U.S.C. § 2244(d)(2).  The statute of limitations is not tolled during the interval between the date on which a decision becomes final and the date on which the petitioner files his first state collateral challenge.  <u>Nino v. Galaza</u>, 183 F.3d 1003,

1006 (9th Cir. 1999). Once state collateral proceedings are commenced, a state habeas petition is "pending" during a full round of review in the state courts, including the time between a lower court decision and the filing of a new petition in a higher court, as long as the intervals between petitions are "reasonable." See Evans v. Chavis, 546 U.S. 189, 192 (2006); Carey v. Saffold, 536 U.S. 214, 222-24 (2002).

## ANALYSIS

### I. Commencement of the Running of the Limitation Period

Under § 2244(d)(1)(A), the limitation period begins to run on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." See Wixom v. Washington, 264 F.3d 894, 897 (9th Cir. 2001). The statute commences to run pursuant to § 2244(d)(1)(A) upon either 1) the conclusion of all direct criminal appeals in the state court system, followed by either the completion or denial of certiorari proceedings before the United States Supreme Court; or 2) if certiorari was not sought, then by the conclusion of all direct criminal appeals in the state court system followed by the expiration of the time permitted for filing a petition for writ of certiorari. Wixom, 264 F.3d at 897 (quoting Smith v. Bowersox, 159 F.3d 345, 348 (8th Cir.1998), cert. denied, 525 U.S. 1187 (1999)).

Here, petitioner appealed his judgment of conviction. The California Supreme Court denied review on August 24, 2011. The time to seek direct review ended on November 22, 2011, when the 90-day period for filing a petition for writ of certiorari with the United States Supreme Court expired. Supreme Court Rule 13. The one-year limitations period began to run the following day, November 23, 2011. Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001) (citing Fed. R. Civ. P 6(a)). Thus the last day to file a petition was on November 22, 2012, plus any time for tolling. The petition in this action was filed March 24, 2014. Thus absent tolling, the petition is untimely.

### II. Statutory Tolling

Title 28 U.S.C. § 2244(d)(2) states that the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the one-year limitation period. 28 U.S.C. § 2244(d)(2).

Here, respondent concedes that the limitations period was tolled for 137 days, between September 15, 2012 and January 30, 2013, while his first state petition was pending. Adding 137 days to the original AEDPA deadline, petitioner's federal petition was due April 8, 2013, absent additional tolling.

Petitioner filed his second state habeas appeal on April 15, 2013. Between January 30, 2013 and April 15, 2013, there was a gap of 75 days. Respondent contends that the limitations period should not be tolled during this period, as petitioner did not file his next petition within a "reasonable time." See Evans v. Chavis, 546 U.S. 189, 198 (2006).

The Ninth Circuit has held that delays of 81 and 91 days by California prisoners in seeking state habeas relief from the next highest state court is unreasonable for purposes of statutory tolling of the AEDPA statute of limitations. Velasquez v. Kirkland, 639 F.3d 964, 968 (9th Cir. 2011); see also Chaffer v. Prosper, 592 F.3d 1046, 1048 & n.1 (9th Cir. 2010) (delays of 101 and 115 days unreasonable). In Velasquez, the Ninth Circuit determined what constituted a "reasonable" delay in filing an application for review in California by looking to the "short period[s] of time, 30 to 60 days, that most states provide for filing an appeal[,]" as "California's system is materially similar to the systems of other states with concrete deadlines." Id. at 967.

In Velasquez, the court deemed an unexplained 81-day gap unreasonable. See 639 F.3d at 968 ("With no adequate justification for the . . .filing delays, . . such delays were unreasonable."); see also Gaston v. Palmer, 447 F.3d 1165, 1167 (9th Cir. 2006) (petitioner not entitled to "gap" tolling between state petitions "given the lack of explanation or justification for these delays," among other factors). In contrast, the Ninth Circuit has excused a gap exceeding 60 days where a petitioner has filed a complex petition in the higher court or the facts of a particular case required an expansion of the record, necessitating such delay. See Maxwell v. Roe, 628 F.3d 486, 496-97 (9th Cir. 2010) (one-year gap tolling was reasonable where state supreme court petition was filed after lengthy evidentiary hearing).

In his opposition to the motion to dismiss, petitioner states that in February 2013, when he was incarcerated at the Tallahatchie County Correctional Facility ("TCCF") in Tutwiler, Mississippi, the prison went on lockdown and prisoners were only allowed out of their cells for

1  showers. (ECF No. 20 at 5.) All of petitioner's legal work was handed over to a correctional
2  officer on March 18, 2013 and was not returned for three weeks. (Id.) In April 2013, petitioner
3  was placed in the Administrative Segregation unit for his own protection. (Id.) While in Ad-Seg,
4  petitioner received "some of his legal paperwork . . . but only the box with the petition in it and
5  not the exhibits[,] so petitioner only mailed the actual petition and explain[ed] to the appeals court
6  what was going on[;] the exhibits will shortly follow." (Id.) See ECF No. 7-3 at 161 (April 15,
7  2013 letter to court of appeal stating petition is attached and exhibits will follow when available).

Moreover, in the body of the petition, petitioner states as follows:

> On February 7, 2013, petitioner was handed a legal mail envelope from the Solano County Superior Court . . . which contained an order denying his habeas corpus petition – dated January 30, 2013 – on the merits.
>
> On 3/18/2013 petitioner gave correctional counselor his legal paper-work to make copies[. D]ue to facility was on lockdown[,] paperwork didn't get return[ed] to petitioner until 4/11/13.
>
> On April 15, 2013, petitioner mailed his habeas petition to the state court of appeals.

(Ptn. at 29.)

Respondent counters that petitioner fails to provide any record of such lockdowns, or demonstrate that any lockdown prevented him from diligently pursuing his legal remedies. (ECF No. 21 at 2-3.) Moreover, petitioner does not assert – and provides no evidence – that he substantially revised the petition before filing it in the court of appeal. Between his receipt of the order denying his superior court petition, and his handing-over of the petition for copying, is an unexplained five-week gap. On this record, the undersigned concludes that petitioner is not entitled to gap tolling between his first and second state habeas petitions. Thus, absent equitable tolling, the petition is untimely.

III. Equitable Tolling

Petitioner asserts that his petition is timely due to equitable tolling. The AEDPA statute of limitations may be subject to equitable tolling if a petitioner can demonstrate that (1) he had been pursuing his rights diligently, and (2) some extraordinary circumstance prevented him from filing on time. Holland v. Florida, 130 S. Ct. 2549, 2562 (2010). Petitioner must show that the

"extraordinary circumstance" was the cause of the untimeliness. See Spitsyn v. Moore, 345 F.3d 796, 799 (9th Cir. 2003). Equitable tolling is "unavailable in most cases." Miranda v. Castro, 292 F.3d 1063, 1066 (9th Cir. 2002), citing Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999). "Indeed, the threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule." Id. (internal quotation marks and citation omitted).

Petitioner asserts that he is entitled to equitable tolling because his attorneys did not timely respond to his requests for his trial court records. The record shows that petitioner's appellate attorney, Ross Thomas, mailed him "the record on appeal" on November 29, 2011. (ECF No. 20-2 at 25.) On May 9, 2012, petitioner's "new trial attorney" Thomas Maas (ECF No. 20 at 3) sent plaintiff two boxes of case documents plaintiff requested. (ECF No. 20-2 at 11-12.) Petitioner filed his first state habeas petition on September 15, 2012. On this record, he has failed to show that his attorneys' actions constituted an "extraordinary circumstance" that prevented him from filing a state or federal petition on time.

Petitioner further contends that he is entitled to equitable tolling based on the 2013 lockdowns at TCCF and his resulting lack of access to his legal materials. The Ninth Circuit has found that lack of access to one's legal files may constitute an extraordinary circumstance entitling a habeas petitioner to equitable tolling. See Spitsyn v. Moore, 345 F.3d 796 (equitable tolling appropriate when a prisoner could not timely access legal files in possession of his attorney to prepare a pro se habeas petition); Espinoza–Matthews v. California, 432 F.3d 1021, 1028 (9th Cir. 2005) (equitable tolling appropriate where prisoner in administrative segregation was denied access to legal files for eleven months and, following release from administrative segregation, "had only slightly over a month with his legal file to try to prepare a proper petition.").

Here, the limitations period began to run on November 23, 2011 and expired on April 8, 2013, as explained above. Petitioner filed his federal petition on March 24, 2014. Petitioner's legal materials were taken for copying in March 2013 and not returned for three weeks. Also, he was transferred from TCCF to an Arizona prison on May 27, 2013 and did not receive his legal property until June 24, 2013. (Ptn. at 29-30; ECF No. 20 at 6.) However, these short-term

7

deprivations, typical to prison life, do not amount to "extraordinary circumstances" such as would warrant equitable tolling.

Moreover, looking over the entirety of the limitations period, petitioner has not shown the requisite diligence for equitable tolling. Between November 2011 and September 2012, he did not pursue state habeas relief, despite receiving his trial records in November 2011 and additional materials in May 2012. After his first state petition was denied in January 2013, he did not file another until April 2013, yet does not claim to have substantially changed or added to the first petition. As petitioner does not meet the high bar for equitable tolling in this instance, the petition is untimely.

Accordingly, IT IS HEREBY ORDERED that respondent's motion to dismiss (ECF No. 14) is granted, and the Clerk of Court shall close this case.

Dated: February 11, 2015

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2
thom2587.mtd